

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John A. Hulen, Chairman,
Texas National Guard Armory Board
Fort Worth Club Building
Fort Worth, Texas

Dear General Hulen:
Opinion No. O-4537

Re: May Texas National Guard
Armory Board pay expenses
of secretary in moving his
personal household effects
from Fort Worth to Houston?

In your letter of April 2, 1942, you state that
the Texas National Guard Armory Board has elected its sec-
retary and has agreed to pay him as his salary $2400.00
per year, being the amount appropriated by the Legislature
for said purpose. You further state that the Board agreed
with the secretary that "if funds were available to it for
the purpose, that as a part of the secretary's compensation
the Board would pay the expense of moving his personal and
household effects, if the headquarters of the Board were
moved from Fort Worth to another place."

You ask whether, under the appropriation as made
by the Legislature, this expense can be paid by said Board.

The Legislature appropriated as the salary for the
secretary $2400.00; for traveling expenses for members and
employees $2400.00; for postage, telephone, telegraph, office
supplies and equipment, contingent expenses $1200.00. Para-
graph 15, Subsection b, of the general provisions attached to
the appropriation bill, page 1292, general and special laws
of the 44th Legislature, provides:

"The appropriations herein provided are
to be construed as the maximum sum to be ap-
propriated to and for the several purposes
named herein, and the amounts are intended
to cover, and shall cover the entire cost of
the respective items, and the same shall not
be supplemented from any other sources."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Since the payment to the secretary of his expenses in moving his household and personal effects from Fort Worth to Houston would be additional compensation to him, the Board is not authorized to pay said expenses.

You also request our opinion as to whether the Board can pay the expenses incident to moving the office furniture and office files from Fort Worth to Houston, if the Board decided to move its headquarters from Fort Worth to Houston.

As stated above, the Legislature has appropriated $1200.00 for postage, telephone, telegraph, office supplies and equipment, and contingent expenses. In our opinion, the expense incident to moving the office furniture and supplies from Fort Worth to Houston can be paid as a contingent expense out of said $1200.00 appropriation.

APPROVED APR 20, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Geo. W. Barcus
Assistant

GWB-MR